UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                                     <u>DECISION AND ORDER</u>

                                                                                     06-CR-6077L

                           v.

HOWARD DENNIS KELLY,

                              Defendant.
_____

       The Court referred all pretrial motions in this case to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).  Defendant, Howard Dennis Kelly ("Kelly"), is charged in a single-count indictment with escape from a federal correctional institution.

       Kelly moved to suppress statements that he made at the time he was arrested on a fugitive warrant by United States marshals in New Hampshire.  Kelly contends that these statements were obtained while he was in custody and, because no *Miranda* warnings had been given, the statements should be suppressed.  Kelly has also filed a *pro se* motion to dismiss for a violation of the Speedy Trial Act.

       Magistrate Judge Payson held a suppression hearing on the motion to suppress and, thereafter, issued a thorough Report and Recommendation (Dkt. #35) recommending that the motion to suppress statements be denied and that Kelly's *pro se* motion to dismiss the indictment also be denied.

Defendant duly objected to a portion of Magistrate Judge Payson's Report and Recommendation (Dkt. #36) and Kelly himself filed a *pro se* objection as well (Dkt. #38).

I have reviewed Magistrate Judge Payson's thorough Report and Recommendation, the transcript of the suppression hearing, the papers originally filed on the motion, as well as the objections filed by Kelly's counsel and Kelly's *pro se* objection, and I find no basis to change or modify Magistrate Judge Payson's Report and Recommendation.

Magistrate Judge Payson accurately sets forth the facts surrounding Kelly's arrest at a campground in New Hampshire. The alleged statements, which turned out to be false, were uttered by Kelly at the time of his arrest when the marshals were attempting to determine his identity and the identity of his female companion, Paula Belknap, who was wanted on a state-court warrant. Although Magistrate Judge Payson concluded that Kelly was in custody at the time the officers asked him for identification, the questioning did not constitute interrogation but rather was an effort to establish defendant's identity and obtain pedigree information. I agree with Magistrate Judge Payson.

Courts have consistently held that the attempt to obtain information concerning a person's identity and background does not amount to custodial interrogation. The officers did not question Kelly about the substance of the offense. They were simply attempting to determine if Kelly and his companion were the individuals wanted on the outstanding warrants. Such inquiry is routine and does not constitute interrogation which requires *Miranda* warnings. It seems obvious that officers seeking a fugitive when approaching a person they believed to be that individual, would take steps to find out if he was in fact the person wanted. Such a course of conduct, of course, reduces the

possibility of arresting the wrong person. The fact Kelly chose to give a false name and falsely identify his companion does not make the inquiry impermissible.

Kelly's counsel only objects to the inquiry concerning Kelly's companion and makes no objection as to questions relating to Kelly himself.  I agree, though, with Magistrate Judge Payson that such inquiry was proper and was not designed to elicit an incriminating response.  There is no basis to modify Magistrate Judge Payson's Report and Recommendation.

I also agree with Magistrate Judge Payson that there is no basis to dismiss the indictment for violation of the Speedy Trial Act.  Defendant's lawyer has not so moved.  I agree with Magistrate Judge Payson that there were proper excludable-time orders entered for various periods of delay and much of the delay was attributed to Kelly's desire to engage in plea negotiations.

## CONCLUSION

I adopt and accept the Report and Recommendation (Dkt. #35) of United States Magistrate Judge Marian W. Payson recommending that defendant's motion to suppress statements (Dkt. #13) be denied and the motions to dismiss the indictment (Dkt. ##28 and 31) be denied.

Defendant's motion to suppress statements made at the time of his arrest is in all respects denied. Defendant Kelly's *pro se* motions to dismiss the indictment for violation of the Speedy Trial Act is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 24, 2007.